[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on December 31, 1983 in Wallingford, Connecticut. Both parties have resided in Connecticut since that time. There are no minor children issue of this marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in § 46b-81, § 46b-82 and § 46b-62 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 10 1/2 years. There are no children of this marriage. Both parties worked throughout the marriage. Both parties became involved in the use and abuse of drugs and alcohol. The parties separated in November 1993.
The major asset of this marriage is the marital home located at 24 George Street, Seymour, Connecticut. The parties submitted their appraisals of this property. The court finds that the property has a fair market value of $95,000. The property is subject to a mortgage and Equity Line of Credit totalling approximately $64,000. The plaintiff's parents gave or loaned the CT Page 8623 parties $10,000. as a down payment for the purchase of this home in 1985. The plaintiff continued to pay the mortgages after the parties separated in November 1993.
The plaintiff was involved in two personal injury matters and settled one in 1990 for $14,000 and settled the second case in 1991 for $7000. The plaintiff used a portion of this money for repairs and improvements to the marital home and purchased a truck for the defendant in the amount of $4500. The plaintiff gave the defendant $2000 when the parties separated in November of 1993.
Both parties are gainfully employed at the present time. The defendant earns approximately double the amount of the plaintiff. The defendant has medical coverage available at his place of employment.
No useful purpose would be served by a further review of the evidence presented. The parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of their marital relationship.
The court has carefully considered the statutory criteria and enters the following orders.
Real Estate
1. The defendant shall forthwith transfer to the plaintiff all his right, title and interest in and to the real estate located at 24 George Street, Seymour, Connecticut. The plaintiff shall be responsible for the mortgage and equity loan and shall hold the defendant harmless therefrom.
Property Settlement
1. The plaintiff shall pay to the defendant by way of lump sum property settlement the sum of $10,000. (ten thousand dollars) within 60 days.
Debts
1. The defendant shall be responsible for the following debts shall hold the plaintiff harmless therefrom:
 Discover Card Amoco Oil CT Page 8624 Corestates Discover Mastercard
2. The plaintiff shall be responsible for the following debts and shall hold the defendant harmless therefrom:
 Griffin Hospital Visa ($500)
3. The parties shall be jointly responsible for the joint Visa bill. Each party shall pay one-half of this bill
4. The plaintiff shall be solely responsible for any sums due and owing to the plaintiff's parents and shall hold the defendant harmless therefrom.
Personal Property
1. The plaintiff shall transfer to the defendant the title to the 1987 Toyota truck.
2. The defendant shall transfer to the plaintiff the title to the 1988 Nissan motor vehicle.
3. The parties have already divided the remaining personal property items.
Miscellaneous
1. The plaintiff shall be entitled to her Kennedy Center Pension Plan.
2. The plaintiff shall be entitled to her Harvey Hubbell Stock.
3. The parties shall equally divide the Common Sense Mutual Fund, each party to receive one-half.
4. The plaintiff shall be entitled to her Savings Account and Credit Union Account.
Counsel Fees
The plaintiff is awarded counsel fees in the amount of $350. CT Page 8625 payable within 60 days.
Alimony
The defendant shall pay to the plaintiff as alimony the sum of $1.00 per year for a term of four years. The term shall be non-modifiable.
COPPETO, J.